IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD LEE KIDWELL,

           Plaintiff,

vs.                                                 Case No. 21-3218-SAC

DEPUTY BOUNDS,

           Defendant.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Johnson County Adult Detention Center (JCADC). Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening plaintiff's amended complaint (Doc. No. 10) pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same procedural rules as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). However, "if the court can reasonably read the pleadings to state a valid claim on which the [pro se} plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority [or] his confusion of various legal theories." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions

2

alleged in the complaint as true. Iqbal, 556 U.S. at 678; Hall, 935 F.2d at 1110. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

## II. Plaintiff's complaint

Plaintiff alleges that defendant Deputy Bounds told other inmates and deputies at the JCADC that inmates in "8A" had their privileges revoked due to the grievances plaintiff filed against staff at the jail. Plaintiff apparently is an inmate in 8A. Plaintiff asks that the undescribed privileges be restored and that defendant be suspended 30 days without pay. He also broadly seeks that "all retaliation" be stopped and that the court review all body cameras on all deputies.[2]

## III. Screening

Plaintiff's claim of retaliation is not sufficiently supported by specific facts. To adequately establish a claim of retaliation, plaintiff must show (1) that he was engaged in a constitutionally protected activity; (2) that the defendant caused him to suffer an injury that would chill a person of ordinary firmness from continuing to pursue that activity; and (3) that the

---

[2] Reviewing body camera footage appears to be more of an evidentiary request than a request for relief against the defendant.

defendant's action was "substantially motivated" by plaintiff's participation in a protected activity. See, e.g., Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007). To claim retaliation, an inmate "must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)(emphasis in original); see also Gray v. Geo Group, Inc., 727 Fed.Appx. 940, 947 (10th Cir. 2018).

Plaintiff does not allege when he filed grievances or who the grievances were filed against. He does not allege when 8A's privileges were revoked, what the revoked privileges were, or how long they were revoked. Plaintiff also does not allege facts showing that defendant Bounds was responsible for revoking the privileges. In sum, plaintiff's bare and conclusory claims of retaliation fail to state allege a plausible constitutional violation by the defendant.

In addition, as this court has stated in another case filed by plaintiff, the court does not have authority to order a 30-day suspension without pay. Kidwell v. Menning, 2021 WL 4134371 *2 (D.Kan. 9/10/2021).

IV. Conclusion

For the above-stated reasons, plaintiff has failed to state a plausible claim for relief against defendant and his complaint is subject to dismissal. The court shall grant plaintiff time

4

until November 12, 2021 to file an amended complaint which corrects the deficiencies identified in the original complaint. If plaintiff does not timely file such an amended complaint, this case shall be dismissed. An amended complaint should be written on court-approved forms and contain every claim plaintiff wishes to litigate in this case. It should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 12th day of October 2021, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge